# Exhibit C
(Plaintiff, Rogelio Nunez' Settlement Agreement With Defendants)

## SETTLEMENT AGREEMENT AND RELEASE

1.      This Agreement covers all understandings between Rogelio Nunez (hereinafter referred to as "Plaintiff"), and South Florida Grading, Inc. and Timothy Reynolds (hereinafter, jointly and severally, "the Defendants).

2.      For and in consideration of the promises outlined in Paragraph 3 of this Agreement, Plaintiff agrees as follows:

A.      For and in consideration of the required acts and promises set forth in the text of this Agreement, Plaintiff hereby knowingly and voluntarily releases and discharges Defendants, from any and all claims, demands, causes of action, complaints or charges, known or unknown, of any kind or character, in tort, in contract, or under any other law or statute whatsoever, which Plaintiff has or might have as a result of, or in any way connected to or related to with Plaintiff's employment or separation of employment with Defendants, including but not limited to Case 18-14228-Middlebrooks (S.D.Fla.) (hereinafter, the "Lawsuit"), or claims under the Fair Labor Standards Act, Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1866 and 1871, the Americans With Disabilities Act, the Employee Retirement Income Security Act, as amended, The Consolidated Omnibus Budget Reconciliation Act of 1985, as amended, the Family and Medical Leave Act, the Pregnancy Discrimination Act, the Equal Pay Act of 1973, the Rehabilitation Act of 1973, the Occupational Safety and Health Act, the Immigration Reform and Control Act, the Age Discrimination in Employment Act, the Older Workers Benefit Protection Act, the Civil Rights Act of 1991, 42 U.S.C. § 1981, the Florida Civil Rights Act of 1992, as amended, the Florida Whistleblower Act, Florida Statutes Section 440.205, and all other local, state or federal laws including but not limited to these relating to discrimination, denial or termination of any health benefit or benefits of any other kind, or any claims of breach or violation of public policy, any claims arising under the Federal or any state constitution, wrongful or constructive discharge, retaliatory discharge, breach of contract, wage claims, including but not limited to claims for bonuses, severance, vacation and overtime, promissory estoppel, fraud, fraudulent misrepresentation or concealment, retaliation, breach of the covenant of good faith and fair dealing, intentional and/or negligent infliction of emotional distress, outrageous conduct, interference with prospective business advantage, negligence, negligent misrepresentation or concealment, wrongful or bad faith termination, defamation and other business or personal injury, or any other claims or rights to damages, whether contractual, liquidated, compensatory, exemplary, or punitive, or rights to or claims for injunctive or equitable relief, or rights to or claims for expenses, costs, fees, attorneys' fees, and all losses of any kind whatsoever, other than claims for unemployment compensation or for worker's compensation injuries (none of which exist at the current time), which Plaintiff has or might have by virtue of any fact(s), act(s) or event(s) occurring prior to the effective date of this Agreement. All such claims, if any, are hereby compromised, settled, and extinguished in their entirety.

The foregoing is not a complete list, and Plaintiff waives and releases all similar rights and claims under all other federal, state and local discrimination provisions and all other statutory and common law causes of action relating in any way to Plaintiff's employment or separation from his employment with Defendants, or otherwise, and whether such claims are now known

1

or unknown to Plaintiff, from the beginning of the world to the effective date of this Agreement.

B.   Plaintiff agrees that he will henceforth keep this Agreement, the terms of this Agreement, confidential. If inquiries arise concerning this Agreement, Plaintiff may reply "no comment." The only exceptions to the restrictions set forth in this paragraph shall be a disclosure to his spouse, attorneys, tax preparers, accountants, or as required to lawfully pay taxes.

C.   The Plaintiff agrees that he will not make statements, that are negative, disparaging or derogatory regarding Defendants.

3.   For and in consideration of the promises outlined in this Agreement, Defendants agree as follows:

A.   Defendants will pay Plaintiff and his counsel the gross sum of $17,390.26. (the "Settlement Sum"). This amount will be delivered in two (2) checks to counsel for Plaintiff's office at Bober & Bober, P.A., 1930 Tyler Street, Hollywood, FL 33020, by not later than November 1, 2018, as follows:

a.   Check # 1 to Rogelio Nunez for $5,257.63 (constituting gross wages for which Defendants will issue a W-2);
b.   Check # 2 to "Bober & Bober, P.A. Trust Account" for $12,132.63 (comprised of $1,875.00 in lodestar attorneys' fees and costs; plus $5,257.63 as liquidated damages; and, $5,000.00 as consideration for Plaintiff's claim under 26 U.S.C. §7434). Defendants will issue a Form 1099 in connection with this Check # 2.

Counsel for Plaintiff will hold the settlement checks in trust and will not disburse the same until the Court approves this settlement agreement and enters the applicable order of dismissal.

Time is of the essence. Should Defendants fail to timely pay the Settlement Sum, then Plaintiff shall provide notice to Defendants' counsel, Fernando Langa at FLanga@pecklaw.com). The Defendants shall have three (3) days to cure the payment default by delivering said funds to Plaintiff's counsel's office. If Defendants do not cure the default within three (3) days of the notice of default, then Plaintiff shall be entitled to apply for file in any action or proceeding, an Unopposed Motion for Self-Executing Final Judgment in the amount of $20,738.88 less any amounts paid by Defendants hereunder.

B.   Defendants agree that in consideration of Plaintiff entering into this Agreement, and for the other consideration herein, they release Plaintiff from any and all damages, complaints, claims, charges, actions and causes of action of any kind or nature that they once had or now have, whether arising out of Plaintiff's employment or otherwise, and whether such claims are now known or unknown to the Defendants from the beginning of the world to the date of these presents. Through this Agreement, the Defendants provide a General Release in favor of Plaintiff.

2

C.     The Defendants agree that they will not make statement that are negative, disparaging or derogatory regarding the Plaintiff to anyone including, but not limited to prospective employers of Plaintiff. Should the Defendants be contacted by a prospective employer of the Plaintiff, they shall reveal only the dates of the Plaintiff's employment and position held, and shall be prohibited from disclosing that the Plaintiff brought legal claims against the Defendants.

D.     Defendants agree that they will henceforth keep this Agreement, the terms and conditions of this Agreement, confidential. If inquiries arise concerning this Agreement, Defendants may reply "no comment." The only exceptions to the restrictions set forth in this paragraph shall be a disclosure required by the express terms of a court order, or disclosure made by Defendants of this Agreement to their attorneys, accountants, tax advisor, or as needed to report taxes.

4.     The Parties hereto shall have the right and remedy to institute an action(s) or proceeding(s) in any court of competent jurisdiction for injunctive relief for any such breach or threatened breach of this Agreement, in addition to any other rights and remedies available in this Agreement and in law or equity. Should it be necessary for a party to enforce the material terms of this Agreement, the prevailing party shall recover its reasonable attorneys' fees and costs from the non-prevailing party.

5.     _Confidentiality_. The parties, collectively, separately, and severally, covenant and agree that they will maintain the confidentiality of, and not to disclose, reveal, publish, disseminate, or discuss, directly or indirectly, to or with any other person or entity the existence and/or terms of this Agreement (including whether or not any amount was paid, the amount paid, or opinion(s) or information they may have with respect to this Agreement). The following disclosures are permitted in the following limited circumstances:

(a)     The parties may disclose the terms and amount paid under this Agreement as reasonably necessary to obtain legal, tax, insurance, or accounting advice or services;

(b)     The parties may disclose the terms of this Agreement to the extent required in any legal proceeding involving the enforcement of this Agreement or as otherwise required by legal process; and Plaintiff may disclose same to his spouse, significant other or immediate family members after explaining that they may not share this information with any other parties and instruct them to be bound by this herein paragraph and bound by all other terms and conditions of this Agreement, as a breach by his spouse, significant other or immediate family members of this Agreement shall constitute a breach by Plaintiff; and

(c)     If asked about the disposition of the Lawsuit, the parties may respond by stating that it was "resolved."

6.     _Older Workers' Benefit Protection Act_. Plaintiff understands that, pursuant to the Older

3

Workers Benefit Protection Act of 1990, he has been advised to consult with an attorney before signing this Agreement, had twenty-one (21) days to consider the Agreement before signing it, and may revoke the Agreement within seven (7) calendar days after signing it. Employee further understands that the Agreement will not become effective or enforceable until the seven (7) day revocation period has expired and that the payment provided in paragraph 3 of this Agreement will not be paid until such period has expired.

7. *Non-Disclosure; Promise Not to Disclose*.   Plaintiff acknowledges that he may possess privileged, confidential, or proprietary information relating to Defendants' current and former clients, suppliers, and vendors and the operations or business methods of Defendants.   Plaintiff agrees that henceforth, he will not knowingly divulge such information.

8. *Return of Company Property*.   Plaintiff acknowledges that he is obligated to return all of Defendants' property which he may still have in his possession.   The Plaintiff acknowledges that as of the date this Agreement is executed by him, he no longer has property of the Company in his possession.

9. The Parties shall jointly file a Joint Motion to Approve Settlement and Dismiss Case with Prejudice after this Agreement becomes fully executed, as shown in Exhibit A.

10. As a condition of settlement, the parties agree to request the U.S. District Court retain jurisdiction over this case to enforce the Defendants' payment obligations. The Plaintiff shall be entitled to his attorneys' fees and costs should he be required to enforce the Defendants' payment obligations under this Agreement.

THE FOREGOING TERMS ARE AGREED TO AND ACCEPTED BY:

DATE: 10-26-18         Signature: _____
                                  ROGELIO NUNEZ

DATE: _____        Signature: _____
                                  Authorized Representative for
                                  SOUTH FLORIDA GRADING, INC.

DATE: _____        Signature: _____
                                  TIMOTHY REYNOLDS

4